(December 12, 1896.)

## COUNTY OF ADA v. FIRST NATIONAL BANK OF IDAHO.

### [47 Pac. 1098.]

This cause follows the case of *Ada County v. Bullen Bridge Co.,* and the syllabus of that cause applies equally to this.

APPEAL from District Court, Ada County.

Hawley & Puckett, for Appellant.

This is an action brought by Ada county praying for the cancellation of warrants Nos. 325 and 326 drawn on the current expense and redemption fund of said county in the year 1893. In many respects the questions involved in this controversy are similar to those argued in *Ada County v. Bullen Bridge Co.,* ante, p. 79, 47 Pac. 818, and will necessitate a repetition of our argument and citation of authorities upon the first question considered by us in that case. There was no authorization on the part of the board of commissioners permitting its members to make such contracts. The board is a body of limited jurisdiction and its jurisdiction must appear upon its records. (*Finch v. Tehama Co.,* 29 Cal. 453.) County commissioners cannot bind the county by contract unless they act by authority of the board. (*Fletcher v. Bunker Co.,* 2 Grant (Pa.), 445; *Merrill v. Berstram,* 11 Rich. 269.) Contracts made with county officers will not bind the county when the officials have no power to make the contracts. (*Madison Co. v. Baford,* 93 Ind. 362; *Orange Co. v. Riter,* 90 Ind. 383; *Crawford Co. v. Le Clerc,* 3 Pinn. 325, 4 Chand. (Wis.) 56; *Stamps v. Cass Co.,* 47 Mich. 386; *Warrick v. Butterworth,* 17 Ind. 129; *Demson v. St. Louis,* 33 Mo. 168; *Rice v. Plymouth Co.,* 43 Iowa, 136.) No county board can order a claim paid except by statutory authority. (*In re Tinsley,* 90 N. Y. 231.) To charge a county for services there must be some statutory authority authorizing the same to be rendered. (*People v. Supervisors,* 28 How. Pr. 22.) The mode by which a county is bound to provide for repairs to bridges and approaches is statutory and any other contract is void. (*Driftwood Valley*

*T. Co. v. Board etc.*, 72 Ind. 226.)   Section 1772 of the Revised Statutes positively prohibits the board from hearing or considering a claim not duly verified as to its correctness.   The same section of the statute above cited calls for an itemization of accounts presented to the board, and it has been decided in California that a claim cannot be allowed against a county unless all the items are given.   (*Christie v. Sonoma Co.*, 60 Cal. 164.)   But as a matter of fact the commissioners had in effect audited and allowed the accounts when they made the contracts. This cannot be done.   (*El Dorado Co. v. Reed*, 11 Cal. 130.) Municipal corporation cannot ratify an illegal act or contract. (15 Am. & Eng. Ency. of Law, 1101; and note 1, 1102, 1103, and note 1; *McPherson v. Foster*, 43 Iowa, 48, 22 Am. Rep. 215; Mechem on Public Officers, 5548, and notes.)

George H. Stewart and Johnson & Johnson, for Respondent.

This was an action for equitable relief by cancellation of county warrants of Ada county.   There is no equity in the bill. For authorities on the point see *Ada County v. Bullen Bridge Co.*, post, pp. 188-192, 47 Pac. 824.   A county warrant issued upon an unverified account, though verification is required by statute, is not void, and a recovery may be had thereon, unless it is shown that it was issued fraudulently.   (*Board of Commissioners v. Sherwood*, 64 Fed. 104.)

HUSTON, J.—The decision of this case will necessarily follow that made in the case of *Ada County v. Bullen Co.*, ante, p. 79, 47 Pac. 818.   The end sought in both cases is the same, to wit, the cancellation of certain warrants drawn upon the treasury of Ada county by order of the board of county commissioners.   The complaint is as follows:

"The plaintiff complains of defendant, and for a first cause of action alleges:

"1. That the plaintiff is a political subdivision of the state of Idaho, and a county of said state.

"2. That defendant is a corporation organized and existing under the laws of the United States, and doing business in Ada county, state of Idaho.

"3. That at the regular April, 1893, meeting of the board of county commissioners of Ada county, and on April 10, 1893, there was filed by the defendant before said board of county commissioners, and with Sherman G. King, auditor of Ada county, and clerk of said board, two several instruments in writing, which said instruments were attached together, and filed and presented as one instrument or document, and one of which said instruments was and is in words and figures following, to wit:

"'Boise City, February 22d, 1893.

"'This is to certify that I have entered into a contract as county commissioner in charge of the building and protecting of the new bridge above Boise City, with D. P. B. Pride, for the hauling, delivering, and laying of the stone for the protection of the piers and approach to the south side of said bridge, in the sum of nine hundred and ninety-five dollars; said work to be done under my personal direction. $995.

(Signed)   "'W. JAUMAN,
"'Commissioner.'

"'County Commissioners, Ada County, Idaho:

"'You will please pay the First National Bank of Idaho the amount due me as above, $995.

(Signed)   "'D. P. B. PRIDE.'

"And the other of which said instruments was and is in words and figures following, to wit:

"'Boise City, —— 10th, 1893.

"'This is to certify that under contract with D. P. B. Pride, made with him as commissioner in charge of the building and protecting of the new bridge across Boise river above said Boise City, the county of Ada is indebted to said Pride, for stone delivered, in the sum of nine hundred and ninety-eight dollars. $998.

(Signed)   "'W. JAUMAN,
"'Commissioner.'

"'County Commissioners, Ada County, Idaho:

"'Will please pay the amount due me, as above, $998, to the First National Bank of Idaho.

(Signed)   "'D. P. B. PRIDE.'

"That such instruments, so filed and presented and attached together, were and are indorsed on the back thereof as follows: 'Cur. Ex. Fund. Bill of First Nat. Bank, $1,993. Filed April 10th, 1893. S. G. King, Auditor. Allowed, $1,993. Disallowed, $———.   W. Jauman, Chairman.'

"4. That there was not at said or any time a bill or account filed with said instruments, and no affidavit of defendant, or anyone in its behalf, or any person whomsoever, and the same was not verified as to its correctness, or verified in any manner or at all.

"5. That as plaintiff is informed and believes, and therefore alleges, the defendant claimed said instruments in writing attached together as aforesaid was a legal and proper charge against said Ada county, and that by presenting and filing the same as aforesaid defendant claimed it had presented an account, demand, and claim against said county; that said claim, as plaintiff is informed and believes, and therefore alleges, was not legally chargeable against said county, and no liability was created thereby.

"6. That W. Jauman, mentioned in said instruments, was in said year 1893 a member of the board of county commissioners of Ada county and chairman of said board.

"7. That no order was at any time made by said board of county commissioners of said Ada county, either upon the dates mentioned in said instruments or- prior or subsequent thereto, authorizing, empowering, or directing the said W. Jauman, or either or any of the members of the board of county commissioners of Ada county, to enter into any contract or agreement with D. P. B. Pride, or any other person, for hauling, delivering or laying of the stone for the protection of the piers or approaches to the south side, or either side, of the new bridge above Boise City, for any sum whatever, or for building or protecting the said new bridge across Boise river above Boise City.

"8. That said board did not at any time, either at the times mentioned in said instruments, or before or after said times, authorize, empower, or direct, by any order of said board, the said W. Jauman, or any member of said board, to make any contracts or agreements, with any person or persons, in regard to any purchase of stone, or in regard to any bridges belonging

to Ada county, either in regard to the building or repair thereof, or the protection of the same, or give any authority or power to said W. Jauman, or any member of the board, to protect or care for bridges or any property of the county, or to make any agreement or contract in regard to the care or protection of county property.

"9. That said W. Jauman, as plaintiff is informed and believes, and therefore alleges, signed said instruments and delivered them to the said Pride, with the intent then and there and thereby to cheat and defraud, and to permit said Pride to cheat and defraud, this plaintiff; and that said Pride received said instruments well knowing that said Jauman had no right, power, or authority to bind said Ada county thereby, or to create any liability against said Ada county by reason thereof; and that the defendant accepted said instruments in writing from said Pride, and presented them as aforesaid to said board of county commissioners, well knowing that they were not proper or legal charges against said county, and that no liability against said county was created thereby.

"10. That the pretended services mentioned and referred to in said written instruments were not rendered or performed by said Pride or the defendant, or by anyone in his or their behalf.

"11. That upon said tenth day of April, A. D. 1893, at the regular session of said board aforesaid, the defendant fraudulently obtained the sum of $1,993 to be allowed in its favor out of and upon the current expense and redemption fund of said Ada county, for and on account of said instruments in writing, and to settle and satisfy the pretended claim and demand of defendant against Ada county by reason thereof.

"12. That by reason of said fraudulent allowance, made as aforesaid, the defendant fraudulently obtained a warrant of said county to be issued and drawn upon the current expense and redemption fund of said county upon the seventeenth day of April, 1893, by the auditor of said county, and in favor of said defendant, said warrant being marked and numbered No. 325 of the current expense and redemption fund warrants of said county, which said warrant was then and there, by said officer, given over into the possession of defendant, and de-

fendant now holds and claims said warrant; that said warrant was without consideration, and was and is illegal and void.

"13. That defendant, after the allowance of said warrant as aforesaid, and its issuance and delivery to him as aforesaid, presented said warrant for payment to the treasurer of said county, and the treasurer of said county refused to pay said warrant for want of funds, and indorsed thereon, 'Not paid for want of funds,' annexing the date of presentation and signing his name as treasurer, and returning said warrant to defendant; that defendant holds said warrant, and claims and pretends it is a legal obligation of said county.

"And for a second cause of action herein plaintiff alleges:

"1. That the plaintiff is a political subdivision of the state of Idaho, and a county of said state.

"2. That defendant is a corporation organized and existing under the laws of the United States, and doing business in Ada county, state of Idaho.

"3. That at the regular April, 1893, meeting of the board of county commissioners of Ada county, and on April 10, 1893, there was filed by the defendant before said board of county commissioners, and with Sherman G. King, auditor of Ada county, and clerk of said board, two several instruments in writing, which said instruments were attached together and filed and presented as one instrument or document, and one of which said instruments was and is in words and figures following, to wit:

"  'Boise City, Idaho, March 25th, 1893.

"  'This is to certify that as one of the county commissioners within and for the county of Ada, being in charge of the county bridge at Boise City known as the "Eighth Street Bridge," that I have entered into a contract with said Pride, on and in behalf of said Ada county, for the repairing, with stone, the south bank of said river above said bridge, said Pride to lay the stone and put in brush under my personal direction; and for doing of said work, hauling the stone, and delivering the brush Ada county is to pay said D. P. B. Pride the sum of nine hundred and ninety-five dollars.

(Signed)    "'J. A. BEAL,
"'County Commissioner.'

"Indorsement on back of above: '995. County auditor of Ada county will please issue warrant to the First National Bank of Idaho, who are authorized to receipt and receive the same. (Signed) D. P. B. Pride. April 1, 1893.'

"And the other of which said instruments was and is in words and figures following, to wit:

" 'Boise City, Idaho, April 1st, 1893.

" 'This is to certify that as county commissioner, being in charge of county bridge at Boise City known as the "Eighth Street Bridge," I contracted with D. P. B. Pride for stone to the amount of nine hundred and ninety-eight dollars, for the support of the embankments above said bridge, and for the protection of said bridge; and that the county of Ada is in-debted to said Pride under said contract for the sum of nine hundred and ninety-eight dollars.

(Signed)   " 'J. A. BEAL,<br>" 'County Commissioner.'

"In pencil: 'Contract completed April 1, 1893.'

"Indorsement on back of above: '$998. County auditor of Ada county will please issue warrant to the First National Bank of Idaho, who are hereby authorized to receive and receipt for same.   (Signed) D. P. B. Pride. April 1, 1893.'

"That said instruments so filed and presented and attached together are indorsed on the back thereof as follows: 'Cur. Ex. Fund.   Bill of First Nat. Bank, $1,993.   Filed April 8th, 1893. S. G. King, Auditor.   Allowed $1,993.   Disallowed $——. W. Jauman, Chairman.'

"4. That there was not at said or any time a bill or account filed with said instruments, and no affidavit of defendant, or anyone in its behalf, or of any person whomsoever, and the same was not verified as to its correctness, or verified in any manner, or at all.

"5. That as plaintiff is informed and believes, and therefore alleges, the defendant claimed said instruments in writing attached together as aforesaid as a legal and proper charge against said Ada county, and that by presenting and filing the same as aforesaid defendant claimed it had presented an account, demand, and claim against said county; that said claim, as plaintiff is informed and believes and alleges, was not legally

chargeable against said county, and no liability was created thereby.

"6. That J. A. Beal, mentioned in said instruments, was in said year 1893 a member of the board of county commissioners of said Ada county, and the chairman of said board.

"7. That no order was at any time made by said board of county commissioners of said Ada county, either upon the dates mentioned in said instruments or prior or subsequent thereto, authorizing, empowering, or directing the said J. A. Beal, or either or any of the members of said board of county commissioners of Ada county, to enter into any contract or agreement with D. P. B. Pride, or any other person, for hauling, delivering, or laying of the stone for the protection of the piers or approaches to the south side, or either side, of the new bridge at Boise City, for any sum whatever, or for building or protecting the said new bridge across Boise river known as the 'Eighth Street bridge.'

"8. That said board did not at any time, either at the times mentioned in said instruments, or before or after said times, authorize or direct, by any order of said board, the said J. A. Beal, or any member of said board, to make any contracts or agreements with any person in regard to any purchase of stone, or in regard to any bridges belonging to Ada county, either in regard to the building or repair thereof, or the protection of the same, or give any authority or power to said J. A. Beal, or any member of said board, to protect or care for bridges or other property of Ada county, or to make any agreement or contract in regard to the care or protection of county property.

"9. That said J. A. Beal, as plaintiff is informed and believes, and therefore alleges, signed said instruments and delivered them to the said Pride, with the intent then and there and thereby to cheat and defraud, and to permit said Pride to cheat and defraud, this plaintiff; and that said Pride received said instruments well knowing that said Beal had no right, power, or authority to bind said Ada county thereby, or to create any liability against said Ada county by reason thereof; and that he accepted said instruments in writing from said Pride, and presented them as aforesaid to said board of county commissioners, well knowing that they were not proper or legal

charges against said county, and that no liability against said county was created thereby.

"10. That the pretended services mentioned and referred to in said written instruments were not rendered or performed by said Pride, or by the defendant, or by anyone in his or their behalf.

"11. That upon said tenth day of April, 1893, at the regular session of said board aforesaid, the defendant fraudulently obtained the sum of $1,993, to be allowed in its favor out of and upon the current expense and redemption fund of said Ada county for and on account of said instruments in writing, and to settle and satisfy the pretended claim and demand of defendant against Ada county by reason thereof.

"12. That by reason of said fraudulent allowance made as aforesaid the defendant fraudulently obtained a warrant of said county to be issued and drawn upon the current expense and redemption fund of said county upon the seventeenth day of April, 1893, by the auditor of said county, and in favor of said defendant, said warrant being marked and numbered No. 326 of the current expense and redemption fund warrants of said county, which said warrant was then and there, by said officer, given over into the possession of defendant, and the defendant now holds and claims said warrant; that said warrant was without consideration, and was and is illegal and void.

"13. That defendant after the allowance of said warrant as aforesaid, and its issuance and delivery to it as aforesaid, presented said warrant for payment to the treasurer of said county, and the treasurer aforesaid refused to pay said warrant for want of funds, and indorsed thereon, 'Not paid for want of funds,' annexing the date of presentation, and signing his name as treasurer thereto, and returning said warrant to defendant; that defendant holds said warrant, and claims and pretends it is a legal obligation of said county.

"Wherefore plaintiff prays that the said warrant numbered 325, mentioned in the first cause of action herein, and the said warrant numbered 326, mentioned in the second cause of action herein, and each and both of them, be decreed to be surrendered and canceled, as having been obtained by fraud and without

consideration, and for such other relief as to the court may seem meet and proper in the premises; and for costs of suit.

"HAWLEY & PUCKETT,

"Attorneys for Plaintiff.

"Duly verified.   Filed June 10, 1895."

To this complaint defendant interposed a general demurrer, which was sustained by the district court, and, plaintiff, declining to amend, judgment was entered for defendant, from which plaintiff appeals.   After what has been said by the court in the case of *Ada Co. v. Bullen Bridge Co.,* further comment is unnecessary.   The judgment of the district court is overruled, and the cause remanded, with instructions to overrule the demurrer of defendant, with leave to defendant to answer.   Costs to appellant.

Morgan, C. J., and Sullivan, J., concur.